UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 15-200-HRW

CALVIN EUGENE ABNER,                                                  PLAINTIFF,

v.                       **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on January 23, 2012, alleging disability beginning on May 6, 2009, due to "back/shoulder injury, leg pain, scar tissue in back, anxiety, depression, unable to write, illiterate "(Tr. 175). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Ronald Kayser hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Lisa A. Courtney, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 39-46). Plaintiff was 47 years old at the time of the hearing decision. He has a 9th grade education and worked as an irrigation technician / foreman at the golf course at Weston Country Club from June 1988 until May 2009(Tr. 176).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 41).

The ALJ then determined, at Step 2, that Plaintiff suffers from back injury, illiteracy and pain in his right shoulder as well as right knee, which he found to be "severe" within the meaning of the Regulations (Tr. 41-42).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 42). In doing so, the ALJ specifically considered Listings 1.02,

1.04 and 14.09 (Tr. 42).

The ALJ further found that Plaintiff could not return to his relevant work (Tr. 44) but determined that he has the residual functional capacity ("RFC") to perform light level work with certain postural, manipulative and environmental limitations (Tr. 42).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 45).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."

3

*Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

## B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not conclude that Plaintiff's depression is a "severe" impairment and (2) the ALJ did not adequately consider the opinion of Plaintiff's treating physician, Sandra Dinasio, M.D..

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not conclude that Plaintiff's depression is a "severe" impairment.

It is the burden of the claimant to prove the severity of his impairments. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988), *citing, Murphy v. Secretary of Health and Human Services*, 801 F.2d 182, 185 (6th Cir. 1986). The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520© and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863. The pertinent inquiry is whether an impairment is *disabling*, not merely whether an impairment exists.

In his discussion at Step 2 of the sequential analysis, the ALJ specifically discussed Plaintiff's depression and found that it had no more than a minimal limiting effect on his ability to perform work-related activity. The ALJ also referred to the psychological evaluation of consultative examining psychologist, Jennifer Fishkoff, Psy. D., who opined that Plaintiff demonstrated an adequate ability to understand, retain, and follow instructions as well as the ability to sustain attention to perform simple and repetitive tasks. Dr. Fishkoff also opined that Plaintiff appeared to be capable of tolerating the stress and pressures associated with day-to-day work activities (Tr. 329). Based on the lack of evidence supporting a more limiting effect of his depression, the ALJ concluded that this particular impairment was not deemed "severe," as defined by the relevant Regulations. The Court finds no error in this regard.

Moreover, Plaintiff's contention is largely academic; the ALJ found that Plaintiff had some severe impairments and continued on with the sequential evaluation. *See Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (unpublished) (*citing Maziarz v. Sec'y of Health & Human Servs.*, 837 F.3d 240, 244 (6th Cir. 1987)); *see also Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003) (unpublished) ("Because the ALJ found that Pompa had a severe impairment at step two of the analysis, the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence."). The finding of non-severity is irrelevant in this instance because the ALJ went on to determine Plaintiff's residual functional capacity between steps three and four, and, at that point, was required to consider both his severe and non-severe impairments. *See* 20 C.F.R. § 404.1545(a)(2).

Plaintiff's second claim of error is that the ALJ did not adequately consider the opinion of Plaintiff's treating physician, Sandra Dinasio, M.D.

Dr. Dinasio (TR. 331-334) specifically diagnosed the Plaintiff with degenerative disc disease in the lumbar spine, right shoulder impingement and hypertension. In an October 2012 evaluation, she opined that Plaintiff should be limited to lifting ten pounds or less, standing/walking to approximately one block at time and to sitting for no longer than ten minute increments in an eight hour day. (TR. 332). Additionally, she felt the Plaintiff could only occasionally climb, balance, stoop, crouch, kneel or craw. He had limitations in reaching, handling and pushing/pulling objects. Further she felt he should avoid moving machines and temperature extremes. (TR. 333).

In assessing the medical evidence supplied in support of a claim, there are certain governing standards to which an ALJ must adhere. Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule. See SSR 96–2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004). If the opinion of the treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. *Wilson*, 378 F.3d at 544. When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other

relevant factors. *Id.*

There is an additional procedural requirement associated with the treating physician rule; he ALJ must provide "good reasons" for discounting treating physicians' opinions, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, at *5.

In his decision, the ALJ stated that he gave "some weight" to Dr. Dinasio's work-related limitations, the ALJ reasonably found that Dr. Dinasio's opinions as to Plaintiff's ability to work, stand/walk, sit, and lift (prepared at Plaintiff's request), were inconsistent with the treatment record (including her own treatment records related to Plaintiff) (Tr. 44). However, as the ALJ noted, subsequent treatment records from Dr. Dinasio reveal no additional impairment and the recommended course of treatment did not include surgery or other aggressive measures. *Id.*

Further, because Dr. Dinasio's opinions were primarily expressed by circling limitations or checking boxes on a standardized form without any objective explanation of the basis for her opinions, the form is not particularly helpful in evaluating Plaintiff's limitations (Tr. 331-334).3 *Cf. Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 176 (6th Cir. 2009) (unpublished) ("Because Dr. Ashbaugh failed to identify objective medical findings to support his opinion [on a questionnaire] regarding Price's impairments, the ALJ did not err in discounting his opinion.").

Finally, the ALJ discussed countervailing objective or opinion evidence (including other opinions from Dr. Dinasio), and the objective findings of consultative examining physician Dr. Haziq that Plaintiff demonstrated ranges of motion within normal limits, and the opinion of

7

consultative examining psychologist Dr. Fishkoff; as well as the opinions of state agency medical consultants Drs. Irlandez that Plaintiff retained the capacity to perform medium exertion work, and Drs. Brake and Ross, that Plaintiff was not subject to a severe mental impairment (Tr. 41-44). As "[s]tate agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(I), the decision to give more weight to a state agency doctor over treating and examining doctors is, indeed, permissible. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009).

The Court finds that the ALJ's consideration of Dr. Dinasio's opinion to be supported by substantial evidence.

To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.)

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 19th day of September, 2016.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge